UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kenny Verlus,<br><br>Plaintiff<br><br>V<br><br>GM Financial<br><br>Defendant. | Case No<br><br><br>JURY TRIAL DEMANDED. |

# VERIFIED COMPLAINT

I, Kenny Verlus, proceeding pro se, bring this verified action against Defendant GM Financial for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and Massachusetts state law. Defendant's willful and negligent failure to correct inaccurate credit reporting has shattered my financial stability, tarnished my reputation, and denied me critical credit opportunities needed for my family, exacerbating my diagnosed anxiety, as evidenced by Exhibit C. I am a hardworking individual, striving to provide for my loved ones, yet Defendant's refusal to rectify its errors—despite my clear evidence and warnings—has left me humiliated,

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

powerless, and robbed of my dreams. I respectfully request that this Court grant relief to restore fairness and hold Defendant accountable.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the FCRA.

2. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367, as it arises from the same nucleus of operative facts.

3. Venue is proper in this district under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this claim occurred in Cambridge, Massachusetts, and I reside in this district.

## PARTIES

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

4. I, Kenny Verlus, am an individual residing at 20 Walden Square Road, Apt 511, Cambridge, Massachusetts 02140. I am a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant GM Financial is a creditor and furnisher of information under 15 U.S.C. § 1681s-2, with a principal place of business at 801 Cherry Street, Suite 3500, Fort Worth, Texas 76102.

## FACTUAL ALLEGATIONS

6. In November 2022, I entered into an auto loan agreement with Defendant GM Financial to finance a vehicle. This vehicle is my lifeline to work, family, and stability.

7. Throughout 2023, despite personal and financial hardships, I diligently made payments on my loan, totaling over $8,800, as evidenced by Exhibit B (Proof of Payments). These payments, processed and accepted by Defendant, were made on:

  a. February 22, 2023: $251.10

  b. April 5, 2023: $1,010.00

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

c. June 20, 2023: $2,844.50

d. August 31, 2023: $205.00

e. September 23, 2023: $1,045.45

f. November 8, 2023: $619.00

g. December 28, 2023: $1,868.20

8. Despite my timely payments, Defendant falsely reported to consumer reporting agencies, including Experian, that I was late—sometimes 30 days, sometimes 60 days—in March, May, July, August, October, November, and December 2023, as shown in Exhibit A (Credit Report). These reports are demonstrably false when compared to my payment records.

9. In March 2024, I discovered these inaccuracies and was shocked and humiliated. My credit score plummeted, undermining my reputation as a responsible individual. I was forced to explain these false "late payments" to potential landlords, employers, and my insurance company, which raised my rates due to the inaccurate reporting.

10. As a direct result, I lost housing opportunities that would have provided a better home for my family, job prospects that could have advanced my career, and

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

multiple credit opportunities critical for my family's financial security, causing losses valued at $35,000.

11. In March 2024, I disputed the inaccurate late payment notations with Experian, providing irrefutable proof of my payments via bank statements and transaction records (Exhibit B). I reasonably expected Defendant to correct its mistakes.

12. Experian notified Defendant of my dispute, triggering Defendant's obligations under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation and correct the inaccuracies.

13. Defendant willfully or negligently failed to conduct a reasonable investigation, as Experian verified the false late payment notations, and they remain on my credit report, continuing to harm me.

14. On April 16, 2025, I sent Defendant a demand letter, explicitly warning that I would initiate litigation if the inaccurate late payment notations were not removed. Defendant ignored my demand, further demonstrating its willful disregard for its legal obligations.

15. Defendant's inaction has left me feeling powerless and betrayed by a system meant to protect consumers. I am not a number on a credit report; I am a real

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

person, striving to provide for my loved ones, yet Defendant's refusal to act has stolen my peace of mind.

16. The stress of this ordeal, including the denial of credit opportunities needed for my family, has exacerbated my diagnosed anxiety, causing emotional distress valued at $5,000, as confirmed by my physician in Exhibit C (Doctor's Letter). I lie awake at night, haunted by the fear that my hard work and sacrifices will never be enough to overcome Defendant's wrongs.

17. Defendant's conduct is particularly egregious given my clear evidence of payment, my diligent dispute efforts, my explicit warning of litigation, and the profound harm caused by the denial of credit opportunities, all of which Defendant has ignored.

## COUNT I: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681s-2(b))

18. I incorporate by reference all preceding paragraphs.

19. Defendant, as a furnisher of information, received notice of my dispute from Experian in March 2024 pursuant to 15 U.S.C. § 1681i(a)(2).

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

20. Defendant violated 15 U.S.C. § 1681s-2(b) by:

   a. Failing to conduct a reasonable investigation into the accuracy of the reported late payments.

   b. Failing to delete or correct the inaccurate late payment notations on my credit report.

   c. Continuing to report false information to Experian after my dispute and demand letter.

21. Defendant's violations were willful or, at minimum, negligent, as it ignored irrefutable evidence of my payments (Exhibit B) and my demand letter, failing to comply with its statutory duties.

22. As a direct result, I suffered actual damages, including a damaged credit score, lost housing and job opportunities, increased insurance rates, denial of multiple credit opportunities valued at $35,000, and severe emotional distress valued at $5,000, as evidenced by Exhibit C.

23. Defendant's conduct entitles me to statutory damages of $3,000 for multiple willful violations, actual damages, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

24. In Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 149 (4th Cir. 2008), the court held that furnishers are liable under 15 U.S.C. § 1681s-2(b) for failing to correct inaccurate reporting after a consumer dispute, as Defendant has done here.

25. In Burke v. Experian Info. Sols., Inc., 2011 WL 1085874, at *5 (E.D. Va. Mar. 18, 2011), the court recognized that inaccurate credit reporting causing denials of credit constitutes actual damages under the FCRA, supporting my claim for $35,000 in lost opportunities.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (MASSACHUSETTS LAW)

26. I incorporate by reference all preceding paragraphs.

27. Defendant's conduct—falsely reporting late payments, ignoring my dispute and demand letter, and refusing to correct its errors despite irrefutable evidence—was extreme and outrageous, exceeding all bounds of decency.

28. Defendant intentionally or recklessly caused me severe emotional distress valued at $5,000, as evidenced by Exhibit C, which confirms the exacerbation of

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

my anxiety due to the financial and emotional toll, including the denial of credit opportunities needed for my family.

29. Under Massachusetts law, Defendant's actions meet the elements of intentional infliction of emotional distress, as established in Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976), which recognizes liability for conduct that is "beyond all possible bounds of decency" and causes severe emotional harm.

30. I am entitled to compensatory damages of $5,000 and punitive damages for the profound emotional harm inflicted, including the humiliation of explaining false reports and the fear that my financial future is irreparably damaged.

PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Court:

A. Award statutory damages of $3,000 under 15 U.S.C. § 1681n for Defendant's willful FCRA violations.

B. Award actual damages of $35,000 for lost opportunities, including housing, jobs, and credit denials.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

C. Award actual damages of $5,000 for emotional distress, as supported by Exhibit C.

D. Award punitive damages under 15 U.S.C. § 1681n to deter Defendant's egregious conduct.

E. Award compensatory damages of $5,000 and punitive damages for intentional infliction of emotional distress under Massachusetts law.

F. Grant injunctive relief ordering Defendant to delete all inaccurate late payment notations from my credit report and cease further false reporting.

G. Award costs and reasonable attorney's fees (if I retain counsel) under 15 U.S.C. § 1681n.

H. Grant such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

I demand a trial by jury on all issues so triable.

VERIFICATION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

I, Kenny Verlus, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: April 23, 2025

/s/ Kenny Verlus

Kenny Verlus, Pro Se

NOTARY PUBLIC

State of Massachusetts

County of ~~Middlesex~~ Suffolk



GODELIVE SAIDI WABWISSA
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
April 20, 2029

On this ~~23rd~~ 8th day of ~~April~~ May, 2025, before me, a Notary Public, personally appeared Kenny Verlus, known to me (or satisfactorily proven) to be the person whose name

Page 11 of 13

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____

Notary Public

My Commission Expires: _____

[Notary Seal]

Respectfully submitted,

/s/ Kenny Verlus

Kenny Verlus, Pro Se

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

20 Walden Square Road, Apt 511

Cambridge, Massachusetts 02140

857-285-0915

Kverlus@gmail.com

4/30/2025

KENNY VERLUS

20 WALDEN SQUARE RD APT 511

CAMBRIDGE, MA 02140

RE: Reference Number PQ01AA9J93QRWF

Dear KENNY VERLUS,

Thank you for contacting Credit One Bank. We are unable to approve your application at this time for the reason(s) listed below:


Our credit decision was based in whole or in part on information obtained in a credit report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we denied credit to you. You also have a right to a free copy of your credit report from the consumer reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Reporting Agency used: Experian, P.O. Box 2002, Allen, TX, 75013, 1-888-397-3742, www.experian.com/reportaccess

If you have additional questions, please call Customer Service at 877-825-3242 between 5:00 a.m. and 9:00 p.m. Monday through Friday, or between 6:30 a.m. and 5:00 p.m. on Saturday and Sunday (Pacific Time).

Sincerely,

Credit One Bank, N.A.

NOTICE: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Office of the Comptroller of the Currency, Customer Assistance Group, P.O. Box 53570, Houston, TX 77052.

P.O. Box 98873, Las Vegas, NV 89193-8873    P 877-825-3242